**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4156**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VETO OMAR MARTIN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:19-cr-00048-MOC-WCM-1)

_____

Submitted:  December 29, 2020              Decided:  January 26, 2021

_____

Before NIEMEYER and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veto Omar Martin entered a conditional guilty plea to possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 168 months' imprisonment. On appeal, Martin challenges the district court's denial of his motion to suppress evidence seized from his vehicle during the execution of a search warrant. Finding no reversible error, we affirm.

When considering a district court's denial of a motion to suppress, "we review factual findings for clear error and legal determinations de novo." *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016) (internal quotation marks omitted). We consider the evidence in the light most favorable to the Government, as the prevailing party. *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015). The Fourth Amendment protects individuals from "unreasonable searches" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. An affidavit supporting a warrant that authorizes a search "must provide the magistrate with a substantial basis for determining the existence of probable cause" in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983). This court affords "great deference" to factual determinations made by a magistrate judge regarding probable cause. *United States v. McNeal*, 818 F.3d 141, 150 (4th Cir. 2016). In deciding whether probable cause exists, "a judicial officer must simply make 'a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be

2

found in a particular place.'" *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011) (citing *Gates*, 462 U.S. at 238).

In an effort to deter police misconduct, "evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule." *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). However, under the good faith exception, "evidence will not be suppressed if it is obtained by police officers in objectively reasonable reliance on a search warrant, even if that warrant later is determined to be invalid." *United States v. Blakeney*, 949 F.3d 851, 861 (4th Cir. 2020) (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). Thus, "evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (internal quotation marks omitted); *see also United States v. Wilhelm*, 80 F.3d 116, 122 (4th Cir. 1996) (holding that "the *Leon* good-faith exception does not apply in the case of a bare bones affidavit").

When a defendant challenges both a probable cause finding and the applicability of the good faith exception, this court may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994). Ordinarily, "searches conducted pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004)

(internal quotation marks omitted). There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). If any of these circumstances are present, evidence gathered pursuant to that warrant must be excluded. *See Andrews*, 577 F.3d at 236. In assessing whether the exception applies, "our . . . inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization" in light of "all of the circumstances." *Leon*, 468 U.S. at 922 n.23.

Martin argues that the good faith exception does not apply because the affidavit lacked any indicia of probable cause and, therefore, the evidence obtained during the search must be excluded under the exclusionary rule. Because our review of the record demonstrates that the affidavit in this case bears sufficient indicia of probable cause to support the search, we find no reversible error in the district court's denial of Martin's motion to suppress. The affidavit detailed the training on which the officer relied, including his experience and knowledge relating to the drug trade and the locations where individuals selling drugs often conceal their caches. The affiant attested to his significant training and experience in narcotics investigations, executions of search warrants,

4

surveillance, undercover operations, arrests, and property seizure. The affiant provided firsthand knowledge that a confidential informant was able to purchase drugs from the target residence and then detailed corroborating information of two controlled buys that took place at the residence, including one within 48 hours of requesting the warrant, and the validity of those controlled buys. Considering the totality of this information, the affidavit was not so lacking in indicia of probable cause as to render reliance on the warrant entirely unreasonable. *See Wellman*, 663 F.3d at 229; *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011).

Martin also argues the affidavit failed to establish a sufficient nexus between the residence and criminal activity, and between his vehicle, which was parked in the residence's driveway, and criminal activity. A sufficient nexus between a defendant's criminal conduct and his residence can exist "even when the affidavit supporting the warrant contains no factual assertions directly linking the items sought to the defendant's residence." *United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005) (internal quotation marks omitted). Courts may rely on officers' "assertion[s] of training-and-experience-based knowledge" to support the nexus between criminal activity and a defendant's residence. *Williams*, 548 F.3d at 319-20. Here, a direct link existed for the sale of drugs at the residence where the confidential source of information (CSI) conducted two controlled buys at the premises, the officer had knowledge that illegal drugs are often concealed around the residence by those involved in the sale of illegal drugs, and an inference can be reasonably made that a car parked in the driveway of the target residence may be a place where drugs are located. We discern no basis to conclude that "a reasonably

5

well trained officer would have known that the search [of the vehicle] was illegal despite the magistrate's authorization." *United States v. Williams*, 548 F.3d 311, 317 (4th Cir. 2008) (internal quotation marks omitted).

Martin further argues that the search exceeded the scope of the warrant and that the warrant was stale. However, the search warrant explicitly included a search of the residence, its curtilage, and any vehicles within the curtilage. Further, the warrant was executed within a reasonable amount of time considering all the facts and circumstances of the case. *See United States v. Richardson*, 607 F.3d 357, 370 (4th Cir. 2010). Over the span of two months, the Asheville Police Department became aware of suspected drug activity at the premises through a CSI, and this information was corroborated through controlled buys a month before the warrant was issued and, again, within 72 hours of the warrant's issuance, which speaks to an ongoing presence of drug-dealing at the residence. The officers executed the warrant within 48 hours of its issuance. Thus, we find the warrant was timely executed and the search of Martin's car within the scope of the warrant.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*